UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMER ABDULLAH : | |
| : | CIVIL ACTION NO.: |
| Plaintiff, : | 3:14-cv-01742-VAB |
| : | |
| v. : | |
| : | |
| ERDNER BROS, INC., ET AL. : | |
| : | MARCH 16, 2015 |
| Defendants. : | |

**RULING ON MOTION TO REMAND**

**I.  INTRODUCTION**

Plaintiff Amer Abdullah ("Plaintiff") moves to remand this action to state court on the grounds that Defendant Xtra Lease Inc. ("Xtra Lease") did not file its Notice of Removal [ECF No. 1] within 30 days after service of process on its agent and did not satisfy the "unanimity rule."  (ECF No. 14 at 1-2.)  For the reasons stated below, Plaintiff's Motion to Remand to State Court [ECF No. 14] is GRANTED.

**II.  BACKGROUND**

Plaintiff sued Defendants Xtra Lease, Erdner Bros., Inc., Timothy Hasty, and Allegheny Clarklift, Inc. (collectively, "Defendants") in the Superior Court of Connecticut, Judicial District of Middlesex at Middletown to recover damages for personal injuries that Plaintiff allegedly suffered as a result of a collision between Plaintiff's automobile and a tractor trailer owned and operated by Defendants.  (ECF No. 1-1.)  Plaintiff served Defendants on October 8, 2014.  (ECF No. 1-2.)  Plaintiff served Xtra Lease by delivering process to the office of the Secretary of the State of Connecticut, Xtra Lease's agent for service of process in Connecticut.  (*Id.* at 2; ECF No. 16 at 2.)  However, Xtra Lease asserts that it did not "actually receive" the summons and

1

complaint until October 24, 2014. (ECF No. 16 at 2; ECF No. 16-1.) On November 20, 2014, forty-three days after Plaintiff served process on the Secretary of State, Xtra Lease filed a Notice of Removal initiating this action. (ECF No. 1.) Plaintiff timely filed the instant Motion to Remand to State Court within 30 days after the filing of Xtra Lease's Notice of Removal. (ECF No. 1; ECF No. 14.) 28 U.S.C. § 1447(c) (motion to remand must be made within 30 days after filing of notice of removal).

## III.   DISCUSSION

### A.   Timeliness of the Notice of Removal

To remove a case to federal court, a notice of removal must be filed within 30 days after "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Each defendant has 30 days after receipt by that defendant of the initial pleading to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B).

It is undisputed that Xtra Lease filed its Notice of Removal more than 30 days after its agent, the Secretary of State, was served with process. (ECF No. 1-2 at 2; ECF No. 1.) Plaintiff argues that this action must therefore be remanded to state court. (ECF No. 14 at 1-2.) However, a staff attorney for Xtra Lease stated in a sworn affidavit that Xtra Lease did not actually receive the complaint until 16 days after Plaintiff served process on the Secretary of State. (*See* ECF No. 16-1). Xtra Lease filed its Notice of Removal within 30 days after the date it claims to have actually received the complaint. (*See* ECF No. 16 at 1-2; ECF No. 1.) Thus, the issue is whether the 30-day period to file a notice of removal commenced when Plaintiff served the Secretary of State, or when Xtra Lease actually received the complaint.

The Second Circuit has not definitively ruled on this question, but the weight of authority in this Circuit holds that the 30-day period for filing a notice of removal does not commence with service upon a statutory agent, such as a secretary of state, but instead when the defendant actually receives the complaint. *E.g.*, *Rowland v. Giftcertificates.com, Inc.*, 195 F. Supp. 2d 509, 512-13 (S.D.N.Y. 2002) (30-day period did not commence when process was served upon secretary of state as defendant's statutory agent); *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 624-25 (S.D.N.Y. 2004) (same); *Medina v. Wal-Mart Stores, Inc.*, 945 F. Supp. 519, 520-21 (W.D.N.Y. 1996) (same; noting that "'the heavy weight of authority is to the effect that the time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent.'" (quoting *Cygielman v. Cunard Line Ltd.*, 890 F. Supp. 305, 307 (S.D.N.Y. 1995))); *Auguste v. Nationwide Mut. Ins. Co.*, 90 F. Supp. 2d 231, 232 (E.D.N.Y. 2000) ("[S]ervice of process upon a defendant's statutory agent is not sufficient to trigger the 30-day removal period."); *Weimer v. City of Johnstown, N.Y.*, 931 F. Supp. 985, 990 (N.D.N.Y. 1996) ("[T]he thirty-day limit for removal begins when a defendant receives the initial pleading described in section 1446(b), regardless of whether he was properly served.").

The Wright & Miller treatise recognizes that "[a]t one time it was not clear whether service on a statutory agent, such as a Secretary of State (or comparable state official) . . . was sufficient to commence the time period for removal . . . [but] it now appears to be settled law that the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service." 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §

3

3731 (4th ed. 2014).  Several rationales have been offered for this rule, including the removal statute's provision that the clock starts after receipt by the defendant, "through service *or otherwise*," of the initial pleading, *Weimer*, 931 F. Supp. at 989 (quoting 28 U.S.C. § 1446(b)(1)) (emphasis in original), the idea that "statutory agents are not true agents but merely are a medium for transmitting the relevant papers," Wright & Miller, *supra*, § 3731, and the principle that "the defendant's right to a federal forum should not depend upon the rapidity and accuracy with which the statutory agent informs its principal of the commencement of litigation against it," *Medina*, 945 F. Supp. at 521.

The question has arisen in this district before, and this Court followed the majority, holding that the 30-day period did not commence against an insurer when process was served on its statutory agent, the office of the Insurance Commissioner of Connecticut, but rather when the insurer actually received process five days later. *Londregan v. CUNA Mut. Ins. Soc'y*, No. 3:09-CV-1540 (MRK), 2009 WL 4730441, at *3 (D. Conn. Dec. 7, 2009) ("This Court agrees that when service is effectuated upon a statutory agent (as opposed to the agent for service of process designated by a defendant), the time for removal under 28 U.S.C. § 1446(b) begins when the defendant actually receives the summons and complaint.").  The Court will do the same here.

Xtra Lease, as a foreign corporation under Connecticut law, appointed the Secretary of State as its statutory agent pursuant to Conn. Gen. Stat. § 33-926(b). Thus, the 30-day removal period did not commence when Plaintiff served the Secretary of State, but rather when Xtra Lease actually received the complaint.  The Court notes that the 30-day period would have commenced upon service had Xtra Lease designated an agent-in-fact rather than appointing the Secretary of State pursuant to statute.  *See*

*Recyclers Consulting Grp., Inc. v. IBM-Japan*, Ltd., No. 96 CIV. 2137 (JFK), 1997 WL 615014, at *4 (S.D.N.Y. Oct. 3, 1997) ("[A] distinction should be drawn between agents designated by statute and agents designated and selected by a party to receive process. The law appears to be settled that service on a statutory agent, such as a State Highway Commissioner, or here, the State Insurance Commissioner, does not start the running of the removal statute time limitation period as would service on the defendant or an agent designated by the defendant.") (quoting *Skidaway Associates, Ltd. v. Glens Falls Ins. Co.*, 738 F. Supp. 980, 982 (D.S.C. 1990)); *see also Londregan*, 2009 WL 4730441, at *3 (D. Conn. Dec. 7, 2009) ("[W]hen service is effectuated upon a statutory agent (*as opposed to the agent for service of process designated by a defendant*), the time for removal under 28 U.S.C. § 1446(b) begins when the defendant actually receives the summons and complaint.") (emphasis added).

Xtra Lease's staff attorney attested by sworn affidavit that Xtra Lease did not actually receive the complaint until October 24, 2014, and Plaintiff has not contested that claim. *See Fernandez*, 332 F. Supp. 2d at 624 (where defendant filed affidavit attesting that defendant did not receive complaint until 15 days after service upon secretary of state, and plaintiff did not contest that assertion, court concluded that plaintiff assented to that assertion). Because Xtra Lease did not actually receive the complaint until October 24, 2014, its removal on November 20, 2014 was timely.

    **B.**    **Consent to Removal: the "Unanimity Rule"**

Xtra Lease removed this case pursuant to 28 U.S.C. § 1441(a) based on diversity of citizenship. (*See* ECF No. 1 at 1.) When a case is removed pursuant to 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join

5

in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This is known as the "unanimity rule." *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012).

The "unanimity rule" is strictly enforced in this Circuit. *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006) ("This rule of unanimity is strictly interpreted and enforced.") (internal quotation marks omitted); *Edelman v. Page*, 535 F. Supp. 2d 290, 292 (D. Conn. 2008) (same; remanding case for failure to satisfy "unanimity rule" even though "it makes the most sense for this court to adjudicate the issues" and remand would "constitute[] a waste of the State of Connecticut's judicial resources"); *Nat'l Waste Associates, LLC v. TD Bank*, N.A., No. 3:10-CV-289 (CSH), 2010 WL 1931031, at *3 (D. Conn. May 12, 2010) (noting "well-settled precedent in the Second Circuit of strictly enforcing the 'unanimity rule' in removal cases"); *Patrick v. Porter-Cable Corp.*, No. 3:10CV131 (MRK), 2010 WL 2574121, at *3 (D. Conn. Apr. 1, 2010) ("Courts have very little discretion—if any—to forgive a failure to comply with the rule of unanimity."). Thus, courts "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991)).

The Second Circuit has "not yet advised what form a consent to removal must take," but has stated that defendants "must independently express their consent to removal." *Pietrangelo*, 686 F.3d at 66. District courts within this Circuit, including this Court, have held that each defendant must file some form of unambiguous written consent within 30 days after its receipt of the initial pleading. *See, e.g., TD Bank*, N.A., 2010 WL 1931031, at *3 ("[T]o join in removal, each defendant must file some form of

6

unambiguous written consent within the requisite thirty days."); *Edelman*, 535 F. Supp. 2d at 292-93 ("While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent. . . . Failure of any defendant to provide its written consent within the applicable thirty-day period renders the petition for removal untimely.") (quoting *Toyota Motor Credit Co.*, 478 F. Supp. 2d at 437); *see also Pietrangelo*, 686 F.3d at 66 (observing that district courts within Second Circuit require defendants to consent to removal within "the statutory thirty-day period").

There are three exceptions to the "unanimity rule": "(1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; [or] (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." *Edelman*, 535 F. Supp. 2d at 293 (quoting *Snakepit Auto., Inc. v. Superperformance Int'l, LLC*, 489 F. Supp. 2d 196, 201-02 (E.D.N.Y. 2007)) (internal quotation marks and citations omitted in original) (alteration in original).

Defendants do not contend, nor does the Court find, that any exception applies in this case. First, the record reflects that Defendants were all properly served on October 8, 2014. (ECF No. 1-2.) Second, the non-joining Defendants in this case are not nominal or formal parties because (a) Defendant Timothy Hasty is alleged to have negligently operated the tractor trailer that collided with Plaintiff's vehicle, causing Plaintiff injury, (ECF No. 1-1 at 2-3), and (b) Defendants Erdner Bros., Inc. and Allegheny Clarklift, Inc. are alleged to have caused Plaintiff's injuries by negligently permitting the operation of the tractor trailer and failing to perform maintenance and

inspection on the tractor trailer, (ECF No. 1-1 at 4-5).  Third, 28 U.S.C. § 1441(c) no longer uses the term "separate and independent claim," but previously provided that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [*i.e.*, a federal law claim] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."  28 U.S.C. § 1441(c), *amended by* Pub. L. No. 112-63, § 103(a)(4) (2011).  In this case, Xtra Lease seeks removal of all claims on the basis of diversity of citizenship, and there are no claims arising under federal law in this action.  Thus, section 1441(c) is inapplicable.  Having concluded that no exception to the "unanimity rule" applies, the Court must remand if Defendants did not provide unambiguous and unanimous written consent to removal within the requisite 30-day period.

      None of Xtra Lease's co-defendants filed unambiguous written consents to removal.  Defendant Allegheny Clarklift, Inc. has filed nothing in this case, and Defendants Erdner Bros., Inc. and Timothy Hasty have filed only appearances [ECF Nos. 11, 12] and an answer [ECF No. 23], which do not contain, or constitute, unambiguous written consents to removal.  *See Edelman*, 535 F. Supp. 2d at 293 (defendants' appearances made no mention of whether they consented to removal and thus did not constitute unambiguous written evidence of consent); *Henderson v. Holmes*, 920 F. Supp. 1184, 1187 (D. Kan. 1996) (defendant's answer did not state that defendant consented to removal, and court refused to infer consent from mere fact that defendant filed his answer in federal court); *Landman v. Borough of Bristol*, 896 F.

8

Supp. 406, 409 (E.D. Pa. 1995) ("[A] party's filing of an answer does not satisfy the unambiguous expression of consent required for proper removal."); *TD Bank, N.A.*, 2010 WL 1931031, at *7 (D. Conn. May 12, 2010) (noting that defendant's answer was filed after 30-day removal period "and, for that matter, contained no language indicating consent to removal."). Accordingly, 28 U.S.C. § 1446(b)(2)(A), or the "unanimity rule," is not satisfied and therefore this case must be remanded.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand to State Court [ECF No. 14] is hereby GRANTED. This case shall be remanded immediately to the Superior Court of Connecticut, Judicial District of Middlesex at Middletown. The Clerk is instructed to close this file.


SO ORDERED at Bridgeport, Connecticut this sixteenth day of March, 2015.


     /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE